MIYOSHI & HIRONAKA LLLC
PHILIP W. MIYOSHI          #7459
RANDALL K. HIRONAKA        #7444
345 Queen Street, Suite 600
Honolulu, Hawaii 96813
Telephone:  (808) 888-5042
Fax:        (808) 599-1645
Email:      Philip@808-law.com
            Randy@808-law.com

Attorneys for Plaintiff
CARLOS LOPES-SALAS, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CARLOS LOPES-SALAS, JR., | ) | CIVIL NO. 18-00113 |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR DAMAGES; |
| | ) | DEMAND FOR JURY TRIAL |
| vs. | ) | |
| | ) | |
| TYLER PARSON; JOHN DOES 1-10; | ) | |
| CITY AND COUNTY OF HONOLULU; | ) | |
| JANE DOES 1-10; DOE | ) | |
| PARTNERSHIPS 1-10; DOE ENTITIES | ) | |
| 1-10, and DOE GOVERNMENTAL | ) | |
| UNITS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMPLAINT FOR DAMAGES

COMES NOW Plaintiff CARLOS LOPES-SALAS, JR. ("Plaintiff"),

by and through his attorneys Miyoshi & Hironaka LLLC, and pursuant to 42

1

U.S.C. § 1983, hereby alleges and avers his COMPLAINT for damages against Defendants TYLER PARSON ("Defendant Parson") and the CITY AND COUNTY OF HONOLULU ("Defendant C & C," and collectively with Defendant Parson, "Defendants") as follows:

## INTRODUCTION

1.      This is an action for damages arising from Defendant Parson's excessive use of force, resulting in the paralysis to Plaintiff's lower extremities, under color of statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages which deprived Plaintiff of rights and privileges secured under the Fourth Amendment to the Constitution of the United States, inter alia, 42 U.S.C. § 1983, et. seq.

## JURISDICTION AND VENUE

2.      This Court is vested with jurisdiction over this matter pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343, inter alia.  Any and all state law claims contained herein form part of the same case or controversy as gives rise to Plaintiff's federal law claims and therefore fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3.      Venue resides in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1391, as all of the acts and/or omissions that are

2

the basis for this lawsuit occurred in the State of Hawaii within the District of

Hawaii, and all the Defendants reside in the State of Hawaii.

PARTIES

4.     Plaintiff is and was at all relevant times, a citizen and resident

of the State of Hawaii.

5.     Upon information and belief, Defendant Parson is and was at all

relevant times a citizen and resident of the State of Hawaii and an officer with the

City and County of Honolulu Police Department ("HPD").

6.     Upon information and belief, Defendant C & C, is and has been

a duly organized municipal corporation of the State of Hawaii and operated the

HPD at all relevant times.

7.     Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE

CORPORATIONS 1-10, DOE ENTITIES 1-10, and DOE GOVERNMENTAL

UNITIS 1-10 are unidentified persons or entities who may be liable to Plaintiff for

the matters which are the subject of this proceeding, and whose true names,

identities and interest are presently unknown to Plaintiff or Plaintiff's attorneys.

Plaintiff reserves the right to pray for leave to insert herein for any DOE

Defendants the true names, identities, capacities, activities, liabilities, and/or

responsibilities when the same are ascertained.

## FACTUAL ALLEGATIONS

8.     On March 23, 2016, at approximately 11:20 a.m., the HPD, District 5, Crime Reduction Unit ("CRU") Officers Greyson Alcosiba ("Alcosiba"), Defendant Parson, Bryce Hamamoto ("Hamamoto"), Nathan Nakamura ("Nakamura"), and William Makaneole ("Makaneole," and collectively, the "Officers") were conducting surveillance at the Pacific Marina Inn, located at 2628 Waiwai Loop, Honolulu, Hawaii 96819 ("Pacific Inn").

9.     The CRU is a plainclothes detail that supports uniformed patrol.

10.     The Officers believed that Plaintiff was a person of interest in an unrelated incident.

11.     The Officers were informed that Plaintiff was reportedly operating a blue Honda Accord, bearing Hawaii license plates, EJG 025.

12.     While at the Pacific Inn, the Officers observed a blue Honda Accord, bearing Hawaii license plates, EJG 025 parked, unattended, in the parking lot of the Pacific Inn.

13.     At approximately 12:04 p.m., Alcosiba, Hamamoto, and Nakamura saw a male, who matched the physical description of Plaintiff, walking down the south stairway of the west building.

14.     Hamamoto informed Makaneole and Defendant Parson via radio of their sighting of Plaintiff.

4

15.    Hamamoto, Alcosiba and Nakamura approached Plaintiff at the ground level of the parking lot near the parked Honda.

16.    Hamamoto, Alcosiba and Nakamura then yelled at Plaintiff, ordering him to stop.

17.    Plaintiff became startled and ran in the opposite direction, heading north down the hallway of the west building.

18.    A handgun was observed on Plaintiff's person.

19.    Hamamoto, Alcosiba and Nakamura began chasing Plaintiff.

20.    Defendant Parson arrived at the north end of the hallway and observed Plaintiff running in his direction.

21.    Plaintiff, seeing Defendant Parson in front of him, then jumped over a rock wall surrounding the hotel pool and ran toward the east side of the pool area.

22.    Plaintiff continued running and jumped over the south fence and ran through the south parking lot of the Pacific Inn.

23.    At this point, Defendant Parson, Hamamoto, Alcosiba and Nakamura continued to chase Plaintiff.

24.    As Plaintiff approached the north end of the parking lot entrance, Makaneole appeared near the front desk office, in the direction where Plaintiff was headed.

25.     Makaneole observed Plaintiff running toward him, followed by Defendant Parson, Hamamoto, Nakamura and Alcosiba.

26.     Makaneole drew and pointed his supplemental handgun toward Plaintiff as Plaintiff ran toward his direction.

27.     As Plaintiff was nearing Makaneole, Makaneole re-holstered his weapon.

28.     Makaneole then grabbed Plaintiff's right hand and shoved him toward the building wall.

29.     Plaintiff stumbled but continued running down the hallway next to the hotel lobby area as Defendant Parson followed closely behind him.

30.     At this point, Defendant Parson was closing the distance between himself and Plaintiff, while the other Officers were following behind Defendant Parson.

31.     Plaintiff realized his inevitable apprehension and raised his hands, with the handgun in Plaintiff's right hand, conceding his capture, simultaneously saying, "I'm sorry, I'm sorry," while still facing forward.

32.     Without warning, and while Plaintiff was still facing forward away from the Officers, Defendant Parson discharged two rounds toward Plaintiff's back center mass from his supplemental Glock 19 firearm.

33.     After discharging the two rounds, Plaintiff fell to the ground.

34.     Plaintiff sustained one gunshot wound to his lower back.

35.     Emergency Medical Services arrived at the scene and transported Plaintiff to The Queen's Medical Center in serious condition.

36.     At The Queen's Medical Center, it was determined that Plaintiff sustained a spinal fracture with paralysis to his lower extremities.

37.     Defendant Parson used excessive force in seizing Plaintiff in violation of Plaintiff's Fourth Amendment right against unreasonable seizures.

38.     Defendant Parson's actions were unreasonable and without just cause.

39.     As a direct and proximate result of the foregoing, Plaintiff suffered great physical pain and suffering, loss of enjoyment of life, the loss of future earnings, mental anguish, emotional distress, anxiety, embarrassment, humiliation, worry, and anger in amounts to be proven at trial.

COUNT I (42 U.S.C. § 1983 – Defendant Parson)

40.     Plaintiff re-alleges paragraphs 1-39 and incorporates them herein by reference.

41.     Defendant Parson acted and/or purported to act herein within the scope of his employment under color of statutes, regulations, customs, practices, and/or usages of the State of Hawaii, City and County of Honolulu,

7

and/or the HPD when he used unnecessary and excessive force against Plaintiff by shooting him in the back, resulting in his paralysis.

42.   The force used against Plaintiff was objectively unreasonable in light of the facts and circumstances confronting Defendant Parson.

43.   Such conduct was unlawful as to Plaintiff's right to be secure in his person against unreasonable seizures as protected by the Fourth Amendment of the United States Constitution.

44.   As a direct, proximate and foreseeable result of such violation, Plaintiff has been damaged in an amount to be proven at trial.

COUNT II (42 U.S.C. § 1983 – Defendant C & C)

45.   Plaintiff re-alleges paragraphs 1-44 and incorporates them herein by reference.

46.   The policy, practice and custom of Defendant C & C, by and through the HPD, is to condone and tolerate the excessive use of force in violation of Plaintiff's constitutional rights.

47.   Plaintiff is informed and believes that Defendant C & C failed to properly train, supervise and discipline Defendant Parson regarding the use of deadly force that was implemented against Plaintiff.

8

48.     Defendant C & C acted herein knowingly, intentionally, willfully, and/or recklessly, with deliberate indifference for the rights, interests, and/or well-being of Plaintiff.

49.     As a direct, proximate and foreseeable result of Defendant C & C's actions, Plaintiff has been damaged in an amount to be proven at trial.

### COUNT III (Assault & Battery)

50.     Plaintiff re-alleges paragraphs 1-49 and incorporates them herein by reference.

51.     Defendant Parson committed assault and battery against Plaintiff when he chased and shot Plaintiff in the back as evidenced by the gunshot wound to his lower back and/or his paralysis.

52.     Defendant Parson acted herein knowingly, intentionally, willfully, and/or recklessly, with deliberate indifference for the rights, interests, and/or well being of Plaintiff.

53.     Defendant Parson acted herein within the course and scope of his employment with HPD.

54.     As a direct, proximate and foreseeable result of Defendant Parson's actions, Plaintiff has been damaged in an amount to be proven at trial.

COUNT IV (Intentional Infliction of Emotional Distress)

55.     Plaintiff re-alleges paragraphs 1-54 and incorporates them herein by reference.

56.     The acts of Defendant Parson complained of herein were intentional and/or reckless, outrageous, unreasonable, and without just cause or excuse, thereby causing Plaintiff severe and extreme emotional distress.

57.     Defendant Parson acted herein knowingly, intentionally, willfully, and/or recklessly, with deliberate indifference for the rights, interest, and/or well being of Plaintiff.

58.     Defendant Parson acted herein within the course and scope of his employment with HPD.

59.     As a direct, proximate, and foreseeable result of Defendant Parson's actions and/or omissions, Plaintiff has been damaged in an amount to be proven at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment and provide the following relief:

A.      Judgment in favor of Plaintiff and against Defendants on all claims stated herein;

10

B.      That general, special, consequential and punitive damages be awarded in Plaintiff's favor and against Defendants;

C.      That Attorney's fees and costs for the prosecution of this action be awarded to Plaintiff; and

D.      That Plaintiff be awarded all other legal and equitable relief as this Court deems just, fair and reasonable.

DATED:  Honolulu, Hawaii, March 21, 2018.

/s/PHILIP W. MIYOSHI
PHILIP W. MIYOSHI
RANDALL K. HIRONAKA
Attorneys for Plaintiff
CARLOS LOPES-SALAS, JR.