IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Carlos Lopes-Salas, Jr.,<br><br>         Plaintiff,<br><br>    vs.<br><br>Tyler Parson; John Does 1-10;<br>City and County of Honolulu;<br>Jane Does 1-10; Doe<br>Partnerships 1-10; Doe Entities<br>1-10; and Doe Governmental<br>Units 1-10,<br><br>         Defendants. | Civil No. 18-00113 HG-WRP |

**ORDER GRANTING JOSEPHINE SALAS'S REQUEST FOR LEAVE TO FILE A MOTION TO SUBSTITUTE AS PLAINTIFF (ECF No. 33)**

    Carlos Lopes-Salas, Jr. filed a Complaint alleging both federal and state rights were violated by Honolulu Police Department Officer Tyler Parson and the City and County of Honolulu.

    Mr. Lopes-Salas, Jr. subsequently died.

    Josephine Salas, Mr. Lopes-Salas, Jr.'s mother and personal representative, seeks to substitute herself as Plaintiff in this action.

    Defendants seek dismissal of the Complaint based on Ms. Salas's failure to move to substitute within the 90-day time

limit delineated in Federal Rule of Civil Procedure 25(a).

Ms. Salas is **GRANTED** leave to move to serve as substitute Plaintiff. (ECF No. 33).

### PROCEDURAL HISTORY

On March 21, 2018, Carlos Lopes-Salas, Jr. filed the Complaint. (ECF No. 1).

On June 27, 2018, Defendants filed their Answer. (ECF No. 11).

On January 29, 2019, Counsel for Decedent informed the Court that Mr. Lopes-Salas died on July 30, 2018. (ECF No 20).

On January 30, 2019, the Magistrate Judge issued an electronic order stating that the Court will take no action until Defendants file a motion or Plaintiff's estate's legal representative takes appropriate action. (ECF No. 21).

On January 31, 2019, Defendants filed a Suggestion of Death. (ECF No. 22).

On March 15, 2019, the Court ordered the parties to file memoranda related to the status of Mr. Carlos Lopes-Salas's suit and the appointment of a personal representative. (ECF No. 27).

On April 25, 2019, Defendants filed DEFENDANTS CITY AND COUNTY OF HONOLULU AND TYLER PARSON'S STATUS MEMORANDUM. (ECF No. 28).

On May 1, 2019, Counsel for Decedent filed a MEMORANDUM REGARDING STATUS OF THE CASE. (ECF No. 29).

On June 12, 2019, Counsel for Decedent filed a SUPPLEMENTAL MEMORANDUM REGARDING STATUS OF THE CASE. (ECF No. 31).

On July 24, 2019, the Court ordered Counsel for Decedent to show cause why the case should not be dismissed pursuant to Fed. R. Civ. P. 25(a). (ECF No. 32).

On September 12, 2019, Counsel for Decedent filed a MEMORANDUM REGARDING ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED. (ECF No. 33).

On September 30, 2019, Defendants filed DEFENDANTS CITY AND COUNTY OF HONOLULU AND TYLER PARSON'S RESPONSE TO MIYOSHI & HIRONAKA, LLLC'S MEMORANDUM REGARDING ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED. (ECF No. 34).

## BACKGROUND

On March 23, 2016, Carlos Lopes-Salas, Jr. ("Decedent") was shot by Defendant Tyler Parsons, a Honolulu Police Department Officer. (Complaint at ¶ 32, ECF No. 1). The shooting occurred as police officers pursued Mr. Lopes-Salas, who they suspected of felony burglary, through an Oahu hotel. (Complaint, ECF No. 1).

On March 21, 2018, Mr. Lopes-Salas filed the Complaint alleging a variety of harms stemming from his shooting. (Id.)

Mr. Lopes-Salas died two months later on July 30, 2018. (Motion to Amend Rule 16 Scheduling Order, ECF No. 20).

The Court first learned of Mr. Lopes-Salas's death on January 29, 2019. (Id.) Upon learning of Mr. Lopes-Salas's

death, the Magistrate Judge ordered the parties to take appropriate measures to either dismiss the case or locate a proper substitute plaintiff. (Jan. 31, 2019 Electronic Order, ECF No. 21).

In response, the parties both began the process of locating a proper substitute plaintiff. Defendants served the Decedent's successor, his mother, Josephine Salas, with the Suggestion of Death on April 4, 2019. Decl. of Steven Goodenow at ¶ 4, attached to Defs.' Status Report, ECF No. 28-1). Ms. Salas, represented by Decedent's Counsel, Philip Miyoshi, began the process of becoming appointed as the personal representative of Mr. Lopes-Salas's estate.

On August 30, 2019, Ms. Salas was appointed as her son's personal representative. (Letters of Administration, attached as Ex. A to ECF No. 33). On September 12, 2019, two weeks after being appointed personal representative, Ms. Salas requested leave to file a motion to substitute as plaintiff in this matter. (Sept. 12, 2019 Decedent's Memorandum to Show Cause at pp. 5-6, ECF No. 33).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 25(a) provides the procedure for substitution of parties in the event of the death of a party:

> (a) Death.
> (1) Substitution if the Claim Is Not Extinguished. **If a party dies and the claim is not extinguished, the court may order substitution of the proper party**. A motion

4

> for substitution may be made by any party or by the decedent's successor or representative. **If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.**

Fed. R. Civ. P. 25(a)(1) (emphasis added).

The 90-day deadline of Fed. R. Civ. P. 25(a) is not intended to be an inflexible bar to substitution of the proper party. See Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1094 (9th Cir. 2017); Cont'l Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993); Staggers v. Otto Gerdau Co., 359 F.2d 292, 296 (2d Cir. 1966).

The Rule 25(a) deadline may be extended by Fed. R. Civ. P. 6(b). See Meyer, 10 F.3d at 1297 ("[T]he history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted") (internal quotations omitted).

Under Fed. R. Civ. P. 6(b), a party may belatedly file a motion to serve as a substitute party if their delay in filing was due to "excusable neglect." Courts are directed to look at the following equitable factors to determine whether a party's neglect is excusable: (1) the danger of prejudice, (2) the length of the delay, (3) the reason for the delay, and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

5

Excusable neglect is an "elastic concept" not a per se rule. Id. at 392. Discretionary extensions are to be liberally granted when the weight of the Pioneer factors favor the late-moving party. Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir. 2004) (en banc); Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261-62 (9th Cir. 2010); Johnson v. Bay Area Rapid Transit Dist., 2014 WL 1395749, at *2 (N.D. Cal. Apr. 10, 2014)

**ANALYSIS**

Defendants triggered the Fed. R. Civ. P. 25(a) 90-day clock when they served Josephine Salas with the Suggestion of Death on April 4, 2019. See Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994) (holding Rule 25(a) begins to run when a Suggestion of Death is filed with the Court and served on the decedent's successor or representative). Ms. Salas had until July 3, 2019 to move to substitute as Plaintiff.

Ms. Salas initially made an informal request to be appointed Mr. Lopes-Salas's personal representative on May 2, 2019. On May 31, 2019, after her informal application was denied, Ms. Salas petitioned to be formally appointed as her son's personal representative. Her petition was heard on August 22, 2019 and on August 30, 2019, Ms. Salas was appointed the personal representative of her son's estate.

Ms. Salas requested that she be permitted to move to substitute on September 12, 2019--71 days after the Fed. R. Civ.

6

P. 25(a) deadline.

The Court finds Ms. Salas's delayed request to substitute excusable under Pioneer and its progeny.

(1) Prejudice

Defendants claim Ms. Salas's 71 day delay in moving to substitute has prejudiced them by potentially diminishing the memories of relevant witnesses.

A delay that leads to the diminishment of witness memories is a possible source of prejudice. Nevertheless, as the cases cited by Defendants demonstrate, delays creating meaningful prejudicial losses of memory typically span many months or years beyond the delay in this case. See e.g. Scott v. Vasquez, 2009 WL 8725114, at *2 (C.D. Cal. Dec. 9, 2009) (finding five-year delay was prejudicial because it increased the likelihood witness memories would be diminished); Iopa v. Saltchuk-Young Bros., Ltd., 916 F.3d 1298, 1301 (9th Cir. 2019) (same, with nine-month delay).

Ms. Salas's delay increased the risk that defense witnesses memories will be diminished. See e.g. Minns v. Peake, 2010 WL 11530840, at *2 (C.D. Cal. May 21, 2010), aff'd, 466 F. App'x 619 (9th Cir. 2012) (finding increased risk of diminished memories after eleven month delay "slightly" prejudicial).

The minimal potential prejudice caused by Ms. Salas's delay weighs in favor of granting her request to substitute.

(2) Length of Delay

Ms. Salas's initial request to move to serve as substitute plaintiff was made 71 days after the Fed. R. Civ. P. 25(a) deadline passed. (Sept. 12, 2019 Decedent's Memorandum to Show Cause at pp. 5-6, ECF No. 33).

Courts routinely grant post-deadline motions to substitute where the delay was significantly longer than 71 days but was otherwise excusable under Rule 6(b). See e.g. Johnson, 2014 WL 1395749 at *3 (allowing substitution moved for "almost two years" after the deadline passed); Dubuc v. Green Oak Twp., 958 F. Supp. 1231, 1241 (E.D. Mich. 1997) (same, with delay of over eight-and-a-half months); Meyer, 10 F.3d at 1297 (same, with delay of eight months); In re Lyondell Chem. Co., 543 B.R. 400, 411 (Bankr. S.D.N.Y. 2016) (same, with delay of 163 days); Hopson v. Kimbrell, 2013 WL 3187313, at *2 (E.D. Ark. June 20, 2013) (same, with delay of 77 days).[1]

Ms. Salas has been appointed as her son's personal representative. Granting her current request will not create any further delay. Rather, it will allow this lawsuit to move forward after a period of inaction.

The length of the delay weighs in favor of granting Ms.

---

[1] In Scott--the lone case Defendants cite in which a court declined to allow a post-deadline substitution of a proper party pursuant to Rule 25(a)--the movant waited five years after the suggestion of death to attempt to substitute a proper party. 2009 WL 8725114 at *2.

Salas's request to substitute.

(3) Reason for Delay

After being served with the Suggestion of Death on April 4, 2019, Ms. Salas began the process of becoming Mr. Lopes-Salas's personal representative. On May 1, 2019, Ms. Salas made an informal application to become her son's personal representative. (June 12, 2019 Decedent's Supp. Status Report, ECF No. 31). One week later, her application was denied on procedural grounds. (Id.)

On May 31, 2019, Ms. Salas made a formal application to become her son's representative for which she was given an August 22, 2019 court date before the Circuit Court of the First Circuit of the State of Hawaii. (Id.) Ms. Salas was appointed as Mr. Lopes-Salas's personal representative on August 30, 2019-- approximately four months after her initial application. (Sept. 12, 2019 Decedent's Memorandum to Show Cause at p. 4, ECF No. 33).

The Supreme Court has directed that "inadvertence, mistake, or carelessness, as well as...intervening circumstances beyond the party's control" can all be excusable reasons for delay. Pioneer, 507 U.S. at 388. Courts in this circuit have found that delays arising from "negligence and carelessness, not from deviousness or willfulness" are excusable and worthy of an extension. Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225

9

(9th Cir. 2000).

Delays caused by uncontrollable probate court actions are excusable under Rule 6(b).  See Conkling v. Tri-State Careflight, LLC, 2016 WL 9819532, at *4 (D. N.M. Aug. 3, 2016) (granting motion to substitute where portion of the delay was due to counsel's unexcusable neglect but the majority of the delay was spent waiting for the state court to rule on the petition for appointment of personal representative); Brown v. Mt. Grant Gen. Hosp., 2013 WL 4523488, at *11 (D. Nev. Aug. 26, 2013) (same); Hopson v. Kimbrell, 2013 WL 3187313, at *2 (E.D. Ark. June 20, 2013) (same).

Here, the bulk of the post-deadline delay is attributable to circumstances beyond Ms. Salas's control, namely, action by the state court system.  Though Ms. Salas offers no explanation for her one-month delay in filing her initial application or the 22-day delay in filing her follow-up application, there is no evidence of deviousness or willfulness related to the delays.

The reason for delay weighs in favor of granting Ms. Salas's request to substitute.

(4)  Movant's Good Faith

Defendants acknowledge that there is no evidence of bad faith by Ms. Salas or Counsel for Decedent.  (Sept. 30, 2019 Defs.' Memorandum to Show Cause at p. 16, ECF No. 34). Accordingly, this factor weighs in favor of granting Ms. Salas's

request.

When considering the weight of all the facts and circumstances, the Court finds excusable neglect in the late-request to substitute.  Ms. Salas is willing and available to serve as plaintiff in her deceased son's place.  There is no evidence of bad faith on the part of Ms. Salas or Counsel for Decedent.

The Court grants Ms. Salas's request to submit a motion to substitute as plaintiff in this action by January 31, 2020.

## CONCLUSION

Josephine Salas is **GRANTED** leave to file a motion to serve as substitute plaintiff.

IT IS SO ORDERED.

DATED: December 30, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge